IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                    CRIMINAL ACTION NO. 5:06-cr-00190

DESABE LOUIS MEADOWS, JR.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's Motion to Withdraw Guilty Plea [Dockets 45 & 54] and Motion for Hearing [Docket 56]. For the reasons stated herein, the Motion to Withdraw Guilty Plea is **DENIED** and the Motion for Hearing is **DENIED AS MOOT**.[1]

*I. BACKGROUND*

The instant case began with the Government's filing of an one-count indictment on August 30, 2006, charging Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). Pursuant to a plea agreement, Defendant plead guilty to the indictment at a hearing on April 5, 2007. The Court accepted Defendant's guilty plea and set this matter for sentencing. Prior to sentencing, Defendant moved to withdraw his guilty plea pursuant to Fed. R. Crim. P. 11(d)(2)(B). The Court held a hearing to address Defendant's motion on October 31, 2007.

---

[1] As the Court held a hearing on Defendant's motion to withdraw his guilty plea, the Court does not believe a second hearing on the motion is warranted.

## II. LEGAL STANDARD

Fed. R. Crim. P. 11(d)(2)(B) provides, in relevant part, that "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." A defendant does not have an absolute right to withdraw a guilty plea, even before sentencing. *United States v. Moore,* 931 F.2d 245, 248 (4th Cir. 1991). Rather, the defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. *Id*. In deciding whether to permit a defendant to withdraw his guilty plea, the district court considers:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether the defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether withdrawal will inconvenience the court and waste judicial resources.

*Id*. Although all the factors in *Moore* must be given appropriate weight, the central question is whether the Rule 11 colloquy was properly conducted. *United States v. Puckett,* 61 F.3d 1092, 1099 (4th Cir. 1995). If the Rule 11 colloquy was proper, a strong presumption attaches that the plea is final and binding. *United States v. Lambey,* 974 F.2d 1389, 1394 (4th Cir. 1992). In this case, Defendant does not contend that the plea colloquy was improperly conducted.

Rather, as the basis for withdrawing his plea, Defendant generally argues that he was not provided close assistance of competent counsel. A defendant seeking to establish that he is entitled to withdraw his plea because he did not receive close assistance of counsel must demonstrate that counsel performed deficiently and that, but for counsel's errors, the defendant would not have pled guilty and would instead have insisted on proceeding to trial. *See United States v. Bowman,* 348

F.3d 408, 416 (4th Cir. 2003). This standard derives from the test for ineffective assistance of counsel set forth in *Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985), which relied in turn on the standards announced in *Strickland v. Washington,* 466 U.S. 668, 687 (1984) (an ineffective assistance of counsel claim must show that defense counsel committed such serious errors as to prejudice the defense). The deficiency of counsel's performance is measured against an objective standard of reasonableness. *Strickland*, 466 U.S. at 687.

### III. DISCUSSION

Defendant claims that his counsel at the time of the plea hearing,[2] Richard Gunnoe, committed certain errors in his legal analysis of Defendant's case and, but for those errors, he would not have plead guilty. Specifically, Defendant claims that Mr. Gunnoe erred in: (1) failing to properly advise him with regard to the applicability of the Armed Career Criminal Act, 18 U.S.C. § 924(e); (2) failing to assert an innocent possession defense; and (3) failing to move to suppress certain evidence.

*A. Armed Career Criminal*

Defendant first argues that Mr. Gunnoe erred in failing to properly advise him that the Armed Career Criminal Act would apply to his case prior to the plea hearing.[3] Section 924(e) imposes a special mandatory 15-year prison term upon felons who unlawfully possess a firearm and who also have three or more previous convictions for committing certain drug crimes or "violent felon[ies]."

---

[2] Mr. Gunnoe was appointed as Defendant's attorney on February 7, 2007. Mr. Gunnoe moved to withdraw as Defendant's attorney on July 24, 2007, following their discussion about Defendant's withdrawal of his guilty plea. Magistrate Judge VanDervort granted Mr. Gunnoe's motion by Order entered August 1, 2007.

[3] Defendant effectively concedes that, based on the Presentence Report, he is an armed career criminal.

18 U.S.C. § 924(e)(1). Procedurally, the determination of whether a defendant qualifies as an armed career criminal requires fact-finding, which is done by the Probation Office. If the Probation Office finds that a defendant is an armed career criminal, the supporting facts are set out in the Presentence Report for the Court's consideration. The defendant is then permitted to object to the Presentence Report's findings before the Court makes its determination.

At the time of the plea hearing, neither Mr. Gunnoe nor the Government knew whether § 924(e) applied to Defendant's case. [Docket 53 at 13.] Accordingly, the parties' plea agreement provided that "If . . . the Court finds that Mr. Meadows qualifies as an armed career criminal pursuant to 18 U.S.C. § 924(e)," then Defendant would be subject a minimum of fifteen years of imprisonment. [Docket 25 at 2.]

During the plea hearing, the Court advised Defendant that his sentence could be enhanced if he had three previous convictions as described in § 924(e). [Docket 43 at 15.] The Court also advised Defendant that neither Mr. Gunnoe nor anyone else could predict the sentence the Court would impose [Docket 43 at 10] and that "[if] the sentence ultimately imposed upon you is more severe than you had hoped for or expected, you will still be bound by your guilty plea and would have no right to withdraw it." [Docket 43 at 16.] Defendant acknowledged that he understood these concepts.

During the October 31, 2007 hearing, Mr. Gunnoe testified that his analysis of Defendant's case consisted of two steps. First, Mr. Gunnoe attempted to determine whether Defendant had a viable defense to the charge contained in the indictment. [Docket 53 at 12-13.] Second, Mr. Gunnoe attempted to determine what Defendant's sentence would be for that crime. Mr. Gunnoe stated that he advised Defendant that he may be an armed career criminal based on his criminal record. Mr.

4

Gunnoe further testified that he was "somewhat surprised" "at the extent of [Defendant's] prior criminal record based on the information [he] previously had and [his] discussions with [Defendant]" and that Defendant "was not a particularly good historian as to . . . the nature and extent of his criminal record." [Docket 53 at 14 & 24.]

Based on the above, the Court **FINDS** defendant has failed to establish that Mr. Gunnoe provided ineffective assistance of counsel with regard to the applicability of § 924(e). In his memoranda, Defendant argues that Mr. Gunnoe committed a legal error by arguing in his objections to the Presentence Report that Defendant should not be classified as an armed career criminal. The relevant issue, however, is whether Mr. Gunnoe committed legal error <u>prior to Defendant's plea</u>. At the time of the plea hearing, Mr. Gunnoe did not have the requisite information to conclude that Defendant would be classified as an armed career criminal, and therefore could not make a legal determination as to his classification. It is apparent from the earlier described responses of Defendant that he understood that whether he would qualify as an armed career criminal would not be known until the time of sentencing.

Although Defendant does not argue that Mr. Gunnoe should have gone to greater lengths to determine whether Defendant was an armed career criminal prior to his guilty plea, the Court notes that "[i]n rare cases, an attorney's failure to investigate . . . can constitute ineffective assistance of counsel." *Timms v. United States*, 375 F. Supp. 2d 781, 785 (N.D. Ill. 2005). The duty to investigate was explained by the Supreme Court in *Strickland*:

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when

> the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.

*Strickland v. Washington,* 466 U.S. at 691. Here, Mr. Gunnoe testified that he had conversations with Defendant about his criminal record, and that this information differed from the information contained in the Presentence Report. Thus, any failure to investigate Defendant's armed career criminal status appears to have been Defendant's own fault. In any event, by failing to assert that Mr. Gunnoe should have done more, Defendant has not satisfied his burden on this point.

    *B. Innocent Possession*

Defendant next argues that Mr. Gunnoe erred in failing to preserve his right to appeal based on the innocent possession defense. Defendant acknowledges that in the Fourth Circuit, the felon-in-possession statute is not amenable to an "innocent possession defense." *United States v. Gilbert*, 430 F.3d 215, 218-20 (4th Cir. 2005). Defendant believes that Mr. Gunnoe should have preserved the right to appeal this issue to the United States Supreme Court. The Court **FINDS** that Mr. Gunnoe's following of Fourth Circuit law was a reasonable legal strategy and was not violative of *Strickland*.[4]

    *C. Failure to Suppress Evidence*

Finally, Defendant argues that Mr. Gunnoe should have done the following: (1) moved to suppress the background check which led to his arrest and plea, and (2) not relied on the

---

[4] Defendant does not suggest that there is a factual basis for asserting a justification defense to the felon-in-possession charge, which is only warranted when a defendant "was under a present or imminent threat of death or injury and possessing a firearm was the only reasonable alterative to avoid the threatened harm." *Gilbert*, 430 F.3d at 219.

Government's discovery to establish that defendant was an armed career criminal. With regard to the second issue, the Court again notes that whether Defendant is an armed career criminal is a determination made at sentencing. Thus, any argument Mr. Gunnoe may have had about the sufficiency of the Goverment's information establishing Defendant's armed career criminal status could not have been made until sentencing, well after Defendant's decision to plead guilty.

Defendant also argues that the person who conducted the background check which led to Defendant's arrest had no basis to conduct that check. [Docket 45 at 4, Docket 54 at 3.] Defendant does not, however, offer any legal basis for that proposition in his briefing. Mr. Gunnoe testified that he did not reach the conclusion that the background check was done improperly. [Docket 53 at 19.] Without more, the Court can only conclude that this issue is subject to debate, and thus Mr. Gunnoe's analysis does not rise to the level of ineffective assistance of counsel.

## IV. CONCLUSION

For the reasons stated above, the Court **FINDS** that Defendant has not established that Mr. Gunnoe performed deficiently in his role as Defendant's counsel. Therefore, Defendant is not entitled to withdraw his plea and his motion in that regard is **DENIED**.[5]

---

[5] As the only basis for Defendant's motion to withdraw his plea was Mr. Gunnoe's alleged legal errors, the Court need not address the *Moore* factors other than the fourth factor, *i.e.*, close assistance of counsel.

The Court **SCHEDULES** final disposition of this matter for **June 9, 2008, at 2:30 p.m., in Beckley, West Virginia**. The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, Richard M. Gunnoe, Esq., the United States Probation Office, and the United States Marshal.

        ENTER:    May 8, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE