UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DESABE LOUIS MEADOWS, JR.,

    Movant,

v.                                           Civil No. 5:16-cv-05386
                                            Criminal No. 5:06-cr-00190

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is the movant's Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255, filed on June 14, 2016, by his counsel, the Federal Public Defender who was then Christian M. Capece.

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On November 30, 2018, the magistrate judge entered his PF&R recommending that the motion be granted, and the movant's judgment in the above-cited criminal action be vacated and set aside. The United States timely filed objections on December 14, 2018, to which the movant replied on December 19, 2018.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of <u>those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

## I. Background

On April 3, 2007, the movant pled guilty in the above-cited criminal action to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), which carried a maximum sentence of ten years in prison and a maximum term of supervised release of three years. At sentencing, the court found that the movant had committed at least three prior violent felonies, thus meeting the statutory criteria of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), subjecting him to a mandatory minimum sentence of fifteen years, and a maximum term of supervised release of five years. Specifically, as set forth in the indictment, the movant previously committed the following offenses:

    a.    Convicted on or about April 22, 1986, in the Court of Common Pleas Cuyahoga County, Ohio, of felonious assault, in violation of Ohio Revised Code § 2903.11; robbery in violation of Ohio Revised Code § 2911.02; and breaking and entering in violation of Ohio Revised Code § 2911.13; and

2

     b.     Convicted on or about February 17, 1993, in the Court of Common Pleas Cuyahoga Court, Ohio, of felonious assault, in violation of Ohio Revised Code § 2903.11.

Indictment, ECF # 1 at 1.

The movant was sentenced to serve 180 months in prison followed by a five-year term of supervised release. The movant's conviction and sentence were affirmed on appeal. United States v. Meadows, 319 F. App'x 204, 205 (4th Cir. 2009), cert. denied 556 U.S. 1203 (2009).

Following the Supreme Court's decision in United States v. Johnson, 135 S. Ct. 2551 (2015) ("Johnson II")[1], in which the Court found the residual clause of the ACCA to be unconstitutionally vague, the movant filed the instant motion arguing that he no longer qualifies as an Armed Career Criminal. Specifically, he argues that without the residual clause, the definition of "violent felony" no longer covers at least three of his prior convictions. The magistrate judge agreed, finding in his PF&R that: (1) movant's 1986 robbery conviction is a violent felony; but (2) movant's 1986 and 1993 felonious assault

---

[1] In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson II constitutes a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

convictions are not violent felonies.[2] The United States objects to the latter finding; no objection was made to the first.

## II. Discussion

The ACCA defines "violent felony" at 18 U.S.C. § 924(e)(2)(B) as follows:

> (B) The term "crime of violence" means any crime punishable by imprisonment for a term exceeding one year . . ., that --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

After the Johnson II decision, the residual clause portion of the definition -- "or otherwise involves conduct that presents a serious potential risk of physical injury to another" -- is struck for being unconstitutionally vague. Accordingly, to be considered a violent felony, the prior conviction must meet the criteria of the force clause, (B)(i), or be an enumerated offense listed in (B)(ii).

---

[2] The magistrate judge did not address the movant's 1986 breaking and entering conviction, nor does the court herein, because the parties appear to agree that it does not qualify as a violent felony absent the residual clause of the ACCA.

4

As mentioned above, the magistrate judge found in his PF&R that movant's robbery conviction constitutes a violent felony, but his two felonious assault convictions do not.

As an initial matter, the court adopts the magistrate judge's findings and recommendation regarding the robbery conviction, inasmuch as the magistrate judge thoroughly discussed and adequately decided the issue and no objection was raised thereto.

As for the magistrate judge's findings and recommendation regarding the felonious assault convictions, the United States objected thereto, and that portion is reviewed de novo.

The movant was convicted of Ohio felonious assault in 1986 and 1993. At the time of both offenses, occurring in 1985 and 1993, felonious assault in Ohio was governed by Ohio Rev. Code § 2903.11(A), which provided as follows:

> No person shall knowingly:
>
> (1) Cause serious physical harm to another;
>
> (2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code.

Because felonious assault is not an enumerated offense set forth in 18 U.S.C. § 924(e)(2)(B)(ii), the court only analyzes it under the force clause, (B)(i). To determine whether a

defendant's prior conviction qualifies as a violent felony, courts apply a "categorical approach," where they "focus solely on the fact of conviction rather than the facts of the case[,]" and "compare the elements required for conviction of an offense to the element(s) required for application of the sentence enhancement, while ignoring the conduct that gave rise to a particular defendant's past conviction." United States v. Covington, 880 F.3d 129, 132 (4th Cir.), cert. denied, 138 S. Ct. 2588, 201 L. Ed. 2d 304 (2018) (citing Salmons, 873 F. 3d at 448, Taylor v. United States, 495 U.S. 575, 602 (1990), and United States v. Wilson, 951 F. 2d 586, 588 (4th Cir. 1991)). "[T]he categorical approach is straightforward when a statute is indivisible, that is, when the statute defines only a single crime with a single set of elements." Id. (citing Mathis v. United States, 136 S. Ct. 2243, 2248 (2016)).

The approach is made more difficult, however, "where a statute defines multiple crimes by listing multiple alternative elements," rendering it "divisible." Id. "Where a statute is divisible, the Court generally must first apply a 'modified categorical approach' to determine which of the alternative elements are integral to a defendant's conviction." Id. To make this determination, courts may look to "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what

6

elements, a defendant was convicted of." Mathis, 136 S. Ct. at 2249. These documents are referred to as "Shepard documents." See Shepard v. United States, 544 U.S. 13 (2005). "The modified approach acts as a tool, rather than an exception, to 'help[ ] implement the categorical approach when a defendant was convicted of violating a divisible statute.'" Id. (quoting Descamps v. United States, 570 U.S. 254 (2013)) (modification in original).

At the time this case was pending before the magistrate judge, the law on this issue was unclear in the Sixth Circuit, Ohio's home circuit. Specifically, at the time of the PF&R, two matters dealing with Ohio felonious assault and the ACCA were pending, for each of which the Sixth Circuit had granted rehearing en banc: Williams v. United States, 875 F.3d 803 (6th Cir. 2017); and United States v. Burris, No. 16-3855, 2017 WL 6368852 (6th Cir. Dec. 13, 2017). The magistrate judge noted the uncertainty surrounding the status of Ohio felonious assault and "ha[d] withheld proposing a ruling herein pending the en banc decisions of the Sixth Circuit," but "[n]onetheless . . . believe[d] that this court should not further withhold a ruling in this matter." PF&R at 13. The magistrate judge thus considered the issue pursuant to the law as it stood and found the Ohio felonious assault statute too broad to qualify as an ACCA predicate violent felony absent the residual clause. Since

then, however, the Sixth Circuit has cleared some of the uncertainty surrounding the issue by deciding <u>United States v. Burris</u>, 912 F. 3d 386 (6th Cir. Jan. 3, 2019).

In <u>Burris</u>, the Sixth Circuit applied the modified categorical analysis to Ohio felonious assault,[3] finding first that the statute, as a whole, was "too broad to categorically qualify as [a] violent-felony predicate[] under the ACCA and Guidelines elements clauses." <u>Burris</u>, 912 F.3d at 399.

The court found the statute to be divisible, however, in that subsection (A)(1) and subsection (A)(2) each set forth separate crimes. <u>Id.</u> at 405. Because the court found the statute to be too broad under subsection (A)(1), it then considered whether subsection (A)(2), which makes it a crime to knowingly cause physical harm "by means of a deadly weapon or

---

[3] The defendant in <u>Burris</u> was convicted of felonious assault in 2007. The statute at that time and the version considered by the Sixth Circuit, reads:

> (A) No person shall knowingly do either of the following:
> (1) Cause serious physical harm to another or to another's unborn;
> (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

Ohio Rev. Code § 2903.11. Aside from the addition of "or to another's unborn," which is not pertinent here, the statute is essentially unchanged from the version under which the movant was convicted, and the Sixth Circuit's analysis is applicable.

8

dangerous ordnance[,]" qualifies as a violent felony. Ohio Rev. Code § 2903.11(A)(2). The court readily found that it did, noting that the "deadly weapon rule" disposes of the analysis: "'When a felony must be committed with a deadly weapon and involves some degree or threat of physical force, it is a crime of violence under the elements clause.'" Id. (quoting United States v. Harris, 853 F.3d 318, 321 (6th Cir. 2017). The court thus held that "[i]f the defendant was convicted under the (A)(1) version of [the felonious assault statute], that offense does not qualify as a violent-felony conviction under the ACCA or Guidelines elements clauses. If a defendant was convicted under the (A)(2) version of [the statute], that offense does qualify as a violent-felony predicate under the ACCA and Guidelines elements clauses." Id. at 406.

Accordingly, here, if the movant was convicted under the (A)(2) version of Ohio felonious assault, the offense qualifies as an ACCA predicate violent felony. The court considers the Shepard documents to determine under which subsection the movant was convicted. Attached as Exhibits 1 and 2 to the United States' response to the movant's motion are the indictments for the two offenses, each of which track the language of subsection (A)(2). Specifically, the 1986 indictment states: "Defendant(s) . . . unlawfully and purposely did knowingly cause or attempt to cause physical harm to

9

[another] by means of a deadly weapon or dangerous ordnance, to-wit: a gun, as defined in Section 2923.11 of the Revised Code." Government's Response, ECF # 93, Ex. 1 at 5. The 1992 indictment, for the 1993 conviction, similarly states: "Defendant(s) . . . did knowingly cause serious physical harm to [another] and/or did knowingly cause or attempt to cause physical harm to [another] by means of a deadly weapon or dangerous ordnance, to-wit: firearm, as defined in Section 2923.11 of the Revised Code." Id., Ex. 2 at 3. Each exhibit additionally contains the order sentencing the defendant to the crimes contained in the corresponding indictments.[4] See id. Ex. 1 at 3, and id. Ex. 2 at 7. In neither his reply to the government's response nor his response to the objections to the PF&R does the movant dispute that he was convicted under subsection (A)(2).

The court, accordingly, finds that the movant was convicted under subsection (A)(2) of Ohio felonious assault in 1986 and 1993, and thus committed violent felonies in both instances. In conjunction with the robbery conviction, the movant has committed three ACCA predicate violent felonies.

---

[4] As stated in the sentencing order for the 1986 conviction: "First count amended to delete gun specification but to leave the word 'Gun' in the body of the indictment." Id. The removal of the specification does not affect the above-quoted language, which is in the body of the indictment.

The movant, having been convicted of three prior violent felonies, was an armed career criminal under the ACCA when he was sentenced in 2007 and is not entitled to any relief under 28 U.S.C. § 2255.

III. Conclusion

The court, accordingly, ORDERS as follows:

1. That the respondent's objections to the PF&R be, and they hereby are, granted;

2. That the magistrate judge's Proposed Findings and Recommendation be, and hereby are, adopted and incorporated in part as set forth herein;

3. That movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be, and hereby is, denied; and

4. This case be, and hereby is, dismissed from the docket of the court.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

Enter: April 17, 2019

John T. Copenhaver, Jr.
Senior United States District Judge